[No. 16012-5-I.   Division One.   April 28, 1986.]

*In the Matter of the Marriage of* CHERYLL
CABALQUINTO, *Respondent, and* ERNEST
CABALQUINTO, *Appellant.*

*Mary Alice Theiler* and *Gibbs, Douglas, Theiler &
Drachler,* for appellant.

*Robert J. Conklin,* for respondent.

*Elizabeth Thomas* on behalf of the American Civil Liberties Union, amicus curiae.

WILLIAMS, J.—This appeal is a sequel to *In re Marriage*

*of Cabalquinto,* 100 Wn.2d 325, 669 P.2d 886 (1983). At the hearing under review in that appeal, the trial court had determined the father to be a kind, loving person, exemplary in every way except that he lived with another male in a homosexual relationship. The Supreme Court said:

homosexuality in and of itself is not a bar to custody or to reasonable rights of visitation. . . .

. . . Visitation rights must be determined with reference to the needs of the child rather than the sexual preferences of the parent.

*Marriage of Cabalquinto,* at 329.

On remand, the trial court in a visitation decree authorized the minor son to visit his father in California provided:

that said visitation is only permitted under circumstances where the father does not associate with his homosexual companion to the extent that the companion is a member of the household or the boy could get the idea that 2 men are other than casual friends, including not living in the home in any respect or having other than a casual relationship.

■ Parents come in all shapes and sizes. It is a wonder of the human race that, as a general proposition, children love their parents and are better off with them than without them. *Stanley v. Illinois,* 405 U.S. 645, 651–54, 31 L. Ed. 2d 551, 92 S. Ct. 1208 (1972). There are some restraints society places upon parents, of course, but they are few in number and sexual preference is not one of them. *Marriage of Cabalquinto.*

The applicable statute is RCW 26.09.240, which provides in part:

Child custody—Visitation rights. A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger the child's physical, mental, or emotional health.

There is no evidence in the record to support a finding that the visitation "would endanger the child's physical, mental, or emotional health."

The portion of the visitation decree above quoted is

stricken. Neither party having requested attorney fees, none are awarded.

SCHOLFIELD, C.J., and WEBSTER, J., concur.